**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LISA MCCANN, | ) | |
| | ) | |
|         **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 09-687-GPM** |
| | ) | |
| VILLAGE OF PONTOON BEACH, CHIEF LEHMAN, DETECTIVE SCHARDAN, OFFICER CARNEX, and OFFICER MODRUSIC, | ))))) | |
| | ) | |
|         **Defendants.** | ) | |

| | | |
|---|---|---|
| LISA MCCANN, | ) | |
| | ) | |
|         **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CIVIL NO. 09-689-GPM** |
| MADISON COUNTY SHERIFF'S OFFICE, SHERIFF HERTZ, DETECTIVE VUCICH, DR. BLANKENSHIP, and BOBBIE UNFRIED, | )))))) | |
| | ) | |
|         **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Lisa McCann recently filed two lawsuits in this district court – one against the Village of Pontoon Beach, Illinois, and certain law enforcement officers and another against the Madison County, Illinois, Sheriff's Office and certain other individuals (*see* Doc. 1 in Cause No. 09-687-GPM and 09-689-GPM). Giving her *pro se* pleadings a liberal construction as this Court must, both

lawsuits apparently arise out of contact McCann has had with these law enforcement entities; she alleges violation of her constitutional rights, including false arrest, warrantless search, and the use of excessive force. McCann seeks to proceed in each case without prepayment of fees; she also seeks appointed counsel and service of process at the Government's expense. Because of the similarity of these two actions, the Court, on its own motion, orders that these actions shall be consolidated. All future pleadings shall be filed in Cause No. 09-687-GPM.

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent, and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). Under Local Rule 3.1(b), any person seeking leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 shall submit an affidavit of poverty which shall conform, as nearly as possible and as applicable, with the form affidavit used pursuant to 28 U.S.C. § 2254.

In this case, McCann's affidavit in support of her motion reveals that she is presently employed at Motomart in Edwardsville, Illinois, earning $400-500 per month. She asserts that she has had no other sources of income in the last twelve months. She has only $30 in her checking account, and she lists no assets. Based upon the foregoing information, the Court finds McCann to be indigent within the meaning of 28 U.S.C. § 1915(a)(1).

As an additional matter, the Court has reviewed the *pro se* complaints and is unable, at this time, to determine that the actions are frivolous or malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous only if a petitioner can make no rational argument in law or facts to support his claim for relief).

McCann next seeks appointment of counsel. Indigent *civil* litigants have no constitutional or statutory right to be represented by counsel in federal court. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). Nonetheless, the Court may request that an attorney handle the case. *Forbes,* 112 F.3d at 264; *Dellenbach,* 76 F.3d at 823. The Seventh Circuit has set forth specific factors which guide the district court's decision to appoint counsel. These factors include the merits of the indigent's claim, the indigent's ability to investigate the facts without the assistance of counsel, whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel, the indigent's ability to present the case, and the complexity of the legal issues presented by the case. *See e.g. Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981). Whether to ask an attorney to handle the case is left to the Court's discretion, and the Court's decision to not make such a request will be reversed only "if, given the difficulty of the case and the litigant's ability, she could not obtain justice without an attorney, she could not obtain a lawyer on her own, and she would have had a reasonable chance of winning with a lawyer at her side." *Forbes,* 112 F.3d at 264 (*citing Farmer v. Haas*, 990 F.2d 319 (7th Cir. 1993)).

Thus, when motions for appointment of counsel are raised in *in forma pauperis* cases, the district court must make a preliminary inquiry before granting any such motion. That is, the Court must determine whether the indigent litigant has made any attempts on her own to obtain an attorney. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Unfortunately, however, McCann's motions do not disclose whether she tried to hire a lawyer before asking the Court to appoint one. The Court does not fault McCann for this, because the standard form provided by the Clerk's office does not ask whether she tried to find a lawyer to take the case. Nonetheless, the Court needs this information before it can consider the motion for appointment of counsel. Thus,

McCann shall file a pleading explaining any efforts taken to hire a lawyer in this matter along with a renewed motion for appointment of counsel on or before **October 15, 2009**.

Accordingly, the Court **CONSOLIDATES** Cause No. 09-689-GPM into Cause No. 09-687-GPM. All future pleadings shall bear Cause No. 09-687-GPM, and both cases shall be assigned to Magistrate Judge Proud. The Court also **GRANTS** the motions for leave to proceed *in forma pauperis* (Doc. 2) and the motion for service of process at Government's expense (Doc. 4) as to this Court only. The Court notes that McCann has already submitted completed forms USM-285; the Clerk of Court shall issue summons as directed by McCann. Unless service is waived pursuant to Federal Rule of Civil Procedure 4(d), the United States Marshal **SHALL**, in accordance with Rule 4(i), personally or by registered or certified mail serve upon each Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order. All costs of service shall be advanced by the United States. McCann is responsible for providing all necessary materials and copies thereof to the United States Marshals Service. In completing the steps set forth above, McCann is **ADVISED** pursuant to Rule 4(m) that this action will be dismissed without prejudice if service is not effected within **120 days** of the date of this Memorandum and Order.

It is **FURTHER ORDERED** that McCann shall serve upon each Defendant, or upon each Defendant's attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted for consideration by this Court. She shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or her counsel. Any paper received by a District Judge or a Magistrate Judge which has not been filed with the Clerk of Court or which fails to include a certificate of service will be disregarded by the Court.

Finally, the Court **DENIES** the motion to appoint counsel (Doc. 3) without prejudice to refiling at a later time, as set forth above.

**IT IS SO ORDERED.**

DATED: 9/14/2009

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge