IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA MCCANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-687-GPM |
| | ) |
| VILLAGE OF PONTOON BEACH and | ) |
| MADISON COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

*Pro se* Plaintiff Lisa McCann (McCann) filed two separate letters, within a two-day period, construed by this Court as Complaints. The first Complaint is brought against the Village of Pontoon Beach Police and several other defendants (collectively, Pontoon Beach Defendants) alleging, *inter alia*, constitutional violations including, illegal search and seizure, improper interrogations, and false arrest (*see* Doc. 1). The second Complaint is brought against the Madison County Sheriff's Office, the County Sheriff, and several other defendants (collectively, Madison County Defendants) alleging similar constitutional violations, including excessive bail and additional civil rights claims stemming from her various periods of confinement in the Madison County Jail (*see* Case No. 09-689-GPM, Doc. 1). McCann's two complaints overlap extensively with similar claims and conduct involving allegations against many of the same parties. As a result, the two cases were consolidated by Order of this Court (*see* Doc 6).

**BACKGROUND**

McCann filed her original Complaint on September 1, 2009, claiming that she had been "incarcerated for 7 months so far on what amounts to false arrest, false imprisonment, wrongful conviction, unlawful persecution [sic], abuse of power and official police misconduct" (Doc. 1-2, p. 1).[1] The next day, McCann filed a second Complaint against the Madison County Defendants alleging "civil, constitutional and prisoner right violations" (Case No. 09-689, Doc. 1, p. 1). McCann admits that "[t]his all stems for [sic] a criminal damage to property case I was accused of" (Doc. 1, p. 1). Apparently, these accusations began a long chain of events that has included investigations into criminal conduct by McCann, criminal charges to which she pled guilty, in-patient treatment for severe depression and post traumatic stress disorder (PTSD), various detentions in the county jail and the instant litigation (*see* Doc. 1-2).

In their Motion to Dismiss (Doc. 37) pursuant to Federal Rule of Civil Procedure 12(b)(6), the Pontoon Beach Defendants argue that: (1) Plaintiff makes no claim against the Village of Pontoon Beach, Police Chief Charles Luehmann, or Officer Christopher Modrusic; (2) claims brought against Officer Carney and Detective Schardan arising from a July 2007 arrest and an August 2007 search are barred by the two year statute of limitations applicable to Title 42, United States Code, Section 1983 claims in Illinois; (3) Plaintiff fails to sufficiently allege the personal involvement of Defendants Luehmann and Modrusic; and (4) the Village of Pontoon Beach is not a proper Defendant.

The Madison County Defendants, in their Motion to Dismiss (Doc. 35) argue that: (1)

---

[1] McCann attached the same exhibit, Doc. 1-2, to both of her Complaints. As such, no case number will be given when referring to this document. Further, for the remainder of this Order, if no case number is given, the document was filed in McCann's primary, consolidated case, number 09-687.

Plaintiff's allegations are too vague to support her claim that her constitutional rights were violated; (2) Plaintiff makes no allegations against the Madison County Sheriff's Office, Sheriff Hertz or Dr. Blankenship; (3) Plaintiff fails to plead the bare minimum of facts necessary to put Defendants on notice of her claims; specifically, she fails to connect her alleged violations to a particular Defendant; and (4) it is impossible to identify Plaintiff's claims due to the confusing structure of her Complaint and due to the absence of numbered paragraphs as required by Fed. R. Civ. P. 10(b). To date, McCann has not responded to either Defendants' Motion to Dismiss.

## **DISCUSSION**

It is a plaintiff's burden to plead sufficient factual matter to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct.1937, 1949 (2009), *citing Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 556 (2007). Under *Iqbal*, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, *citing Twombly*, 550 U.S. at 556. Further, "'determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

McCann's Complaints—a series of rambling, disjointed letters—are short on basic details, long on legal conclusions, and fail to make any allegations against a number of the named defendants. That said, McCann is proceeding *pro se* and as such, her Complaints will be liberally construed. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). Nevertheless, even when granted a liberal construction, a complaint is properly dismissed where it "alleges no specific act or conduct on the part of [a] defendant and the complaint is silent as to the defendant except for his name appearing in the caption." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

In light of *Potter*, certain defendants, named by McCann only in the caption or in a cursory fashion, are entitled to dismissal. For example, both Police Chief Charles Luehmann (Chief Luehmann) and Dr. Blankenship are named as potential defendants, but McCann makes no specific claims against them whatsoever. Further, McCann mentions Officer Modrusic and Sheriff Hertz each only one time, without alleging any specific act or conduct on their part. As such, under *Potter*, these four Defendants—Chief Luehmann, Officer Modrusic, Dr. Blankenship, and Sheriff Hertz—are hereby **DISMISSED with prejudice** from this action. *Potter*, 497 F.2d at 1207. The remaining parties, however, may not be properly dismissed at this time.

McCann's Complaints cite numerous alleged constitutional and civil rights violations, all of which the Court construes as being brought pursuant to 42 U.S.C. § 1983. *See Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, *2, n. 1 (S.D. Ill. Feb. 5, 2007) (Title 42 U.S.C. § 1983 "is the exclusive remedy for the constitutional deprivations alleged in [McCann's] complaint." (citations omitted)). As such, all of McCann's claims are subject to the two year statute of limitations applicable to section 1983 claims in Illinois. *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002). Further, "such claims accrue when the plaintiff knows or should have known that [her] constitutional rights were violated." *Id.* at 668.

Indeed, the Pontoon Beach Defendants raise a statue of limitations defense in their Motion to Dismiss (*see* Doc. 37, ¶ 2). "While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss 'if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks,* 578 F.3d 574 at 579, quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005) (finding it appropriate to consider a statute of limitations defense "because the relevant dates [were] set forth unambiguously in the complaint"). Here, the problem is that McCann's Complaint is almost entirely devoid of specific

dates. As a result, the allegations of the complaint itself do not set forth everything necessary to satisfy the statute of limitations defense raised by the Pontoon Beach Defendants.

To show that certain alleged constitutional violations are, in fact, barred by the statute of limitations, the Pontoon Beach Defendants attach a police report to their motion—a document outside of McCann's pleadings (Doc. 37, pp. 5-7)—raising another procedural concern. The Court, however, may consider any authentic document that is "central to the plaintiffs' claim," and to which the complaint refers. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Here, McCann does, in fact, repeatedly refer in her Complaint to the Pontoon Beach police report submitted by Officer Carney. Moreover, the police report outlines conduct that is central to many of her claims. As such, the Court has considered the police report, dated July 3, 2007 (Doc. 37, pp. 5-7), and finds that all of McCann's allegations arising from conduct covered by the police report are barred by the two year statute of limitations applicable to section 1983 claims in Illinois. Further, any other allegations arising from conduct that occurred before September 1, 2007, are barred by the same.

Therefore, in light of the two year statute of limitations, the following claims are hereby **DISMISSED with prejudice**: the alleged false arrest by Officer Carney; the alleged unreasonable search and seizure claims for lack of probable cause against Officer Carney for the search of McCann's person that occurred incident to McCann's arrest; the alleged Fifth Amendment violations for a lack of a *Miranda* warning and any allegations regarding her initial questioning and alleged confession; McCann's allegations against Officer Carney and Detective Schardan for illegal search and seizure of her home (in August of 2007); all allegations regarding defects in the warrant and improper service of the warrant in McCann's criminal damage to property case.

Thus, the only claim that remains against the Village of Pontoon Beach, Officer Carney and

Detective Schardan are McCann's general allegations of a "pattern of abuse" and "police intimidation" under the "color of law" (Doc. 1, p. 3).  Once again, the Court construes this claim as brought pursuant to 42 U.S.C. § 1983 which provides "civil liability for any 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' when any person 'under color of any statute, ordinance, regulation, custom, or usage of any State or Territory' causes such a deprivation." *Maxwell*, No. 06-451-GPM, 2007 WL 420195, *2, n. 1 (S.D. Ill. Feb. 5, 2007), citing *Parratt v. Taylor*, 451 U.S. 527, 532 (1981)(quoting 42 U.S.C. § 1983).  Of course, to state a viable claim against a municipality, a Plaintiff is required to allege that her injury "was the product of the [municipality's] unconstitutional policy or custom." *Id.* Citing *Monell v. Dept. of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 690-91 (1978).

Here, McCann alleges a "pattern of abuse" by these Defendants.  Specifically, that she has been "followed at least twice now by Pontoon Beach officers well outside of their jurisdiction," that she has received a variety of threats from officers including being "silenced by 4 or 5 officers" at a village council meeting, and that she fears ongoing harassment by the Pontoon Beach police department (Doc. 1, pp. 2-3).  Once again, on a Motion to Dismiss, the Court must draw all reasonable inferences in McCann's favor.  In this light, while rather sparse and generalized, McCann's allegations are nonetheless sufficient for the Court to reasonably infer that the Defendants, including the Village of Pontoon Beach, may be liable for the alleged misconduct. Therefore, the Pontoon Beach Defendants' Motion to Dismiss, as to these claims only, is hereby **DENIED.**

The remaining Madison County Defendants move to dismiss McCann's Complaint on the basis that it does not comport with the pleading requirements of Federal Rules of Civil Procedure

8 and 10. Specifically, these Defendants argue that McCann's Complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2), and fails to state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). While the Court agrees that McCann's rambling, disjointed letters are far from ideal, when it comes to technical pleading requirements, *pro se* plaintiffs such as McCann are entitled to "a bit of slack." *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). As a whole, and especially when considering McCann's numbered summaries in her Complaints and her attachment (Doc. 1-2, which really is just an extension of her Complaint), the Court cannot summarily conclude that none of Plaintiff's claims are at least plausible.[2]

First, McCann claims her Fifth Amendment right against self-incrimination was violated because she informed Detective Vucich that she was on medication (Vicodin and Soma Compound) during her interrogation, and in spite of this fact, Detective Vucich continued to interrogate her ( No. 689, Doc. 1, p. 1; Doc. 1-2, p. 1). "A confession is involuntary only where it was obtained through police coercion or overreaching that prevented the accused from exercising [her] free will." *Conner v. McBride*, 375 F.3d 643, 651 (7th Cir. 2004). Intoxication is relevant to voluntariness when a court must determine "whether the defendant's will was overborne." *United States v. Hocking*, 860 F.2d 769, 774 (7th Cir. 1988).

Here, McCann has not shown how or if her testimony would have changed had she not been on medication during the interrogation. Moreover, McCann has not alleged that she was under the influence of any drugs that affected her capacity to understand what was going on or to intelligently

---

[2] Of course, as noted earlier, any claims arising from conduct occurring before September 1, 2007, would be barred by the statute of limitations. However, the Madison County Defendants did not raise this defense and further, from the face of her Complaint against Madison County, it is unclear when any of the alleged conduct occurred.

assess her situation. *United States v. LeShore*, 543 F.3d 935, 940-941 (7th Cir. 2008). McCann offers only a general statement that Vicodin is commonly known to cause general disorientation. As such, McCann has not shown sufficient facts for this Court to reasonably infer a valid claim under the Fifth Amendment's protection against involuntary confessions. As such, all of McCann's claims stemming from interrogations conducted by Detective Vucich are **DISMISSED with prejudice.**

McCann also claims that, on or around January 1, 2008, her Fourth Amendment rights, which guard against unreasonable searches and seizures, were violated when Detectives Vucich (Madison County) and Schardan (Pontoon Beach) took samples of her DNA while she was in a mental hospital (Doc. 1, pp. 1-2); (Doc. 1-2, p. 2). In *United States v. Hook*, 471 F.3d 766, (7th Cir. 2006), the Court found that "state and federal courts that have [addressed the validity of DNA collection statutes] are almost unanimous in holding that these statutes do not violate the Fourth Amendment." (quoting *Green v. Berge*, 354 F.3d 675 (7th Cir. 2004) (other citations omitted)). The *Hook* Court went on to explain that "taking a DNA sample is a Fourth Amendment search, but such a search may be reasonable if it falls into an exception to the warrant requirement." *Hook*, 471 F.3d at 773. Moreover, the federal DNA Act specifically authorizes law enforcement to take DNA samples of persons who are incarcerated or subject to restrictions on their liberty through custody, probation, or supervision. *Hook*, 471 F.3d at 773; *see also* 42 U.S.C. § 14135a.

Here, McCann was under official supervision at the time a sample of her DNA was taken. As such, she fails to show that she had a legal right to refuse to allow the officers to take a sample of her DNA. Therefore, McCann's allegations that taking her DNA sample violated her Fourth Amendment rights, fails to state a claim upon which relief may be granted and this claim is hereby **DISMISSED with prejudice.**

McCann also alleges that Detective Vucich falsified the affidavit he submitted to obtain a search warrant to search her hotel room and rental car, and thus, violated her Fourth Amendment rights (Doc. 1-2, pp. 2-3). McCann's pleadings, however, fall far short of overcoming the good faith presumption that arises when an officer obtains a warrant. *See U.S. v. Elst*, 579 F.3d 740, 744 (7th Cir. 2009). To rebut this presumption, McCann must show that:

> (1) the issuing judge wholly abandoned his judicial role and failed to perform his neutral and detached function …, (2) the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or (3) the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.

*Id.* (citations omitted).[3] In support of her claim, McCann points to numerous alleged "inconsistencies" in the affidavit submitted by Detective Vucich. It is clear from McCann's pleadings however, that these "inconsistencies" all involved minute details, most of which have no value as "indicia of probable cause" or are entirely irrelevant. Further, McCann goes on a short tirade, attacking Detective Vucich as a "criminal" who committed "perjury" and "fraud by lying in his report" (Doc. 1-2, p. 4). These unwarranted personal attacks only detract from the potential legitimacy of McCann's far reaching allegations. At bottom, McCann has not shown sufficient facts for this Court to infer that Detective Vucich falsified his affidavit or unreasonably relied upon a defective warrant. Thus, all of McCann's claims against Detective Vucich alleging violations of her Fourth Amendment rights are hereby **DISMISSED with prejudice**.

---

[3] Furthermore, even if the Court assumes that the search warrant lacked probable cause, Detective Vucich is entitled to qualified immunity for his conduct in applying for a search warrant. *See Junkert v. Massey*, No. 09-2908, *9 (7th Cir. June 21, 2010). As such, Detective Vucich would be "liable for § 1983 damages only if the warrant application was 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'" *Id.* Quoting *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986).

Next, McCann makes a number of claims against the Madison County Sheriffs Office under the Eighth Amendment alleging cruel and unusual punishment for substandard medical care and subhuman living conditions while confined in the Madison County Jail (No. 689, Doc. 1, pp. 1-2). The Eighth Amendment's prohibition of cruel and unusual punishment, incorporated through the Fourteenth Amendment, imposes a duty on states to provide adequate medical care to incarcerated individuals. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Id*. At 104. A claim based on deficient medical care must demonstrate: (1) an objectively serious medical condition, and (2) an official's deliberate indifference to that condition. *See Johnson v. Snyder*, 444 F. 3d 579, 584 (7th Cir. 2006). An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000) (internal quotation and citation omitted).

Similarly, a valid claim for subhuman conditions requires both a objective and subjective component. "The objective component is the *nature* of the acts or practices alleged to constitute cruel and unusual punishment." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (finding "conditions so strikingly reminiscent of the Black Hole of Calcutta" to be objectively subhuman). "The subjective component of unconstitutional 'punishment' is the *intent* with which the acts or practices constituting the alleged punishment are inflicted. The minimum intent required is '*actual* knowledge of *impending* harm *easily* preventable.'" *Id.* Quoting *Duckworth v. Franzen*, 780 F.2d 645,653 (7th Cir. 1985) (noting that "a failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm").

Page 10 of 12

Here, McCann alleges that she was denied basic medical care for a sinus infection, heart palpitations and blood pressure issues, and a pinched nerve in her lower back (No. 689, Doc. 1, pp. 1-2). McCann further alleges she was denied basic hygienic needs including sanitary napkins, tampons, soap and toilet paper (Doc. 1., p. 1). She also claims that she had to sleep on "a cold hard floor" and that the vents had "huge amounts of dust and there was a rat or mice nest in the ceiling you could hear at night" (*Id.*). As such, when drawing all reasonable inferences in McCann's favor, she has pled sufficient factual content to make her claims of deliberate indifference and subhuman conditions at least plausible. Therefore, the remaining Madison County Defendants' Motion to Dismiss is hereby **DENIED** as to these two claims only.[4]

Finally, McCann makes numerous other allegations based on such sparse legal conclusions (e.g., "my 8th amendment rights were violated in that I was held on no bond," "My 1st amendment right of freedom of speech violated by Vucich [sic], My 2nd and 4th amendment rights violated [sic] when my guns were illegally seized without a warrant) that this Court cannot discern any plausible claim upon which relief may be granted. Once again, a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint that makes only "legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," is not sufficient to avoid dismissal. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), quoting *Iqbal*, 129 S. Ct. at 1949.

Many of these "threadbare" allegations are either barred by the two year statue of limitations,

---

[4] While it is not clear whether McCann attempted to use any available administrative remedies to address these concerns while she was confined, the Defendants failed to raise exhaustion as a defense. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

or are directly intertwined with claims and/or parties that have been dismissed by this Order. Therefore, all of McCann's remaining claims, which are no more than generalizations or legal conclusions, are hereby **DISMISSED with prejudice.**

### CONCLUSION

In sum, the individual Defendants—Chief Luehmann, Officer Modrusic, Dr. Blankenship, and Sheriff Hertz—are hereby **DISMISSED with prejudice** from this action. Further, the Pontoon Beach Defendants' Motion to Dismiss (Doc. 37) is **GRANTED, in part, and DENIED, in part**. Only McCann's claim regarding a pattern of abuse and police intimidation under color of law under 42 U.S.C. § 1983 against the Defendants—the Village of Pontoon Beach, Detective Schardan and Officer Carney—remains. Similarly, the Madison County Defendants' Motion to Dismiss (Doc. 35) is also **GRANTED, in part, and DENIED, in part**. Only McCann's claim regarding deliberate indifference to her medical needs and subhuman conditions while confined in the Madison County jail against the Defendants—Madison County Sheriff's Office and Nurse Bobbie Unfried—remains. Further, finding no claims remaining against Detective Vucich, he is hereby **DISMISSED with prejudice** from this action.

**IT IS SO ORDERED.**

DATED: 06/30/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge