IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA McCANN (n/k/a TAYLOR LYNN BENNETT),  Plaintiff,  vs.  VILLAGE OF PONTOON BEACH; DETECTIVE SCHARDAN; OFFICER CARNEX; MADISON COUNTY SHERIFF'S OFFICE; AND BOBBIE UNFIRED,  Defendant. | CIVIL NO. 09-687-GPM |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff filed two complaints in September 2009 which were consolidated on the Court's own motion.  Giving Plaintiff's *pro se* pleadings a liberal construction, as this Court must, the meandering letters Plaintiff filed with the Court appeared to allege various violations of her constitutional rights by law enforcement entities.  The Court dismissed several Defendants, as Plaintiff mentioned them only in the caption of her letters or in a highly tangential fashion.

Plaintiff's aberrant compliance with Court deadlines prompted the Magistrate Judge in this action to warn Plaintiff in an order: "Plaintiff is responsible for keeping the Court informed of her current address.  Failure to do so may result in sanctions, including monetary sanctions and dismissal of this case.  Plaintiff is further informed that failure to follow this Court's orders or to participate in discovery may also subject her to sanctions, including monetary sanctions and dismissal of this

case." (Doc. 41). Despite this clear admonition, Plaintiff's failure to cooperate in the discovery process prompted Defendants Madison County Sheriff's Office and Bobbie Unfried to file a motion for leave to extend discovery. The Court mailed notice of the hearing on that motion to Plaintiff at the address Plaintiff provided to the Court, and clearly stated that Plaintiff's presence at the hearing was mandatory. This notice was returned as undeliverable. Defendant Bobbie Unfried's attorney informed the Court that he e-mailed notice of the hearing to the Plaintiff. Plaintiff failed to appear at the hearing.

Throughout the course of this litigation, Plaintiff propounded motions and proposed filings upon the Court that were rambling, disjointed, and nothing short of bizarre. For example, within Plaintiff's fifty-five page second amended complaint, Plaintiff mentions an alleged theft of her wallet while she was "passed out from the drugs she took at the Edwardsville Bus Depot;" a person unrelated to the action who allegedly sent a picture of his penis to underage females; and a litany of Plaintiff's prescription medication history. The substance of Plaintiff's complaints amounts to a log of Plaintiff's interpersonal and health problems, which, while regrettable, are not within the province of this Court to rectify. Nor does the Court's schedule allow for it to serve as an inexhaustible forum for Plaintiff's frivolous complaints. As such, this Court, in its discretion, will dismiss this action as to all Defendants with prejudice. As stated by the Seventh Circuit, dismissal of a case,--"a prisoner's case (or anyone else's for that matter)"--may be appropriate "when the factual allegations are incredible." *Gladney v. Pendleton Correctional Facility,* 302 F.3d 773, 774 (7th Cir. 2002), *citing Blackledge v. Allison,* 431 U.S. 63, 76 (1977). "Sometimes…a suit is dismissed because the facts alleged in the complaint are so nutty ("delusional" is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth

or falsity." 302 F.3d at 774. Such is the case here, and the case is consequently dismissed.

**IT IS SO ORDERED.**

DATED: 11/03/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
